UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LANDMARK SIGNS, INC., | ) |
| *Plaintiff* | ) ) ) |
| v. | ) CIVIL NO. 2:16-CV-128 RLM ) |
| ICU OUTDOOR ADVERTISING, LLC, LAWRENCE M. YURKO, | ) ) ) |
| *Defendants* | ) |

## OPINION AND ORDER

Landmark Signs, Inc. brought suit against ICU Outdoor Advertising and Lawrence Yurko (collectively referred to as "ICU" for purposes of this order) alleging various violations of federal and state law, including claims of unfair competition under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) and (B), (Counts 1 and 2), breach of fiduciary duty (Count 3), unfair competition and tortious interference with a business relationship under Indiana law (Count 4); tortious interference with a prospective economic advantage (Count 5); deceptive trade practices under Illinois law (Count 6); trademark infringement in violation of 15 U.S.C. § 1114 (Count 7), and trademark infringement under Illinois and Indiana law (Count 8). ICU moved to dismiss the unfair competition claims asserted in Counts 1 and 2 under Fed. R. Civ. P. 12(b)(6), and contends that the remaining claims should be dismissed for lack of subject matter jurisdiction. For the following reasons, the court denies the motion.

I. Standard of Review

When considering a Rule 12(b)(6) motion to dismiss, the court construes the complaint "in the light most favorable to the nonmoving party, accept[s] well-pleaded facts as true, and draw[s] all inferences" in the nonmoving party's favor. Reynolds v. CB Sports Bar, Inc., 623 F.3d 1143, 1146 (7th Cir. 2010). But Fed. R. Civ. P. 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atlantic v. Twombly, 550 U.S. at 570); *see also* Morrison v. YTB Int'l, Inc., 649 F.3d 533, 538 (7th Cir. 2011); Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atlantic v. Twombly, 550 U.S. at 556); Mann v. Vogel, 707 F.3d 872, 877 (7th Cir. 2013). "[L]egal conclusions or conclusory allegations that merely recite a claim's elements" are not entitled to any presumption of truth. Munson v. Gaetz, 673 F.3d 630, 632 (7th Cir. 2012). *See also* Ashcroft v. Iqbal, 556 U.S. at 678 ("Threadbare recital of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Twombly and Iqbal "require the plaintiff to 'provid[e] some specific facts' to support the legal claims asserted in the

compliant." McCauley v. City of Chicago, 671 F.3d 611, 616 (7th Cir. 2011)(quoting Brooks, 578 F.3d at 581)). The plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010). The plaintiff "may elaborate on his factual allegations so long as the new elaborations are consistent with the pleadings." Geinosky v. City of Chicago, 675 F.3d 743, 751 n.1 (7th Cir. 2012); *see* Chavez v. Illinois State Police, 21 F.3d 612, 650 (7th Cir. 2001).

## II. Discussion

Briefly summarized, the complaint alleges that Mr. Yurko was employed by Landmark Signs when he (and another Landmark employee, Jerry Lefere) formed a competing business (ICU Outdoor Advertising, LLC), used Landmark Sign's trademarks and images of its facilities, employees, and signs to solicit business for ICU Outdoor Advertising, without Landmark's consent, and falsely represented that those facilities, employees, and signs belonged to ICU, to the detriment of Landmark. Although Landmark asserted three claims under the Lanham Act – two for unfair competition in violation 15 U.S.C. §§ 1125(a)(1)(A) and (B) (Counts 1 and 2), and one for trademark infringement in violation of 15 U.S.C. § 1114 (Count 7) – ICU moved to dismiss only the unfair competition claims, contending that Landmark hasn't pleaded sufficient facts to state a plausible claim under either § 1125(a)(1)(A) or § 1125(a)(1)(B). The court, accordingly, limits its discussion to those claims.

3

The Lanham Act was designed to prevent unfair competition and to protect against fraud "by the use of reproductions, copies, counterfeits, or colorable imitations of registered trademarks." 15 U.S.C. § 1127; Packman v. Chicago Tribune Co., 267 F.3d 628, 638 (7th Cir. 2001); Eli Lilly & Co. v. Natural Answers, Inc., 233 F.3d 456, 461 (7th Cir. 2000). In Counts 1 and 2 of its complaint, Landmark alleges that ICU violated the Act's prohibitions against unfair competition, 15 U.S.C. §§ 1125(a)(1)(A) and (B).[1]

To state a plausible claim under § 1125(a)(1)(A) for false designation of origin, false or misleading description of fact, or false or misleading representation of fact, Landmark must allege facts, which if true, would show: "(1) that the work at issue originated with the plaintiff; (2) that origin of the work was falsely designated by the defendant; (3) that the false designation of origin was likely to cause consumer confusion; and (4) that the plaintiff was harmed

---

[1] 15 U.S.C. § 1125(a) provides that:
    (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--
        (A) is likely to cause confusion, or to cause mistake, or to deceive as
to the affiliation, connection, or association of such person with another
person, or as to the origin, sponsorship, or approval of his or her goods,
services, or commercial activities by another person, or
        (B) in commercial advertising or promotion, misrepresents the
nature, characteristics, qualities, or geographic origin of his or her or
another person's goods, services, or commercial activities,
shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

4

by the defendant's false designation of origin."² <u>Syngenta Seeds, Inc. v. Delta Cotton Co-op., Inc.</u>, 457 F.3d 1269, 1277 (Fed. Cir. 2006).

The elements of a false advertising claim under § 1125(a)(1)(B) are similar. Landmark must show that ICU: "(1) made a false or misleading statement, (2) that actually deceives or is likely to deceive a substantial segment of the advertisement's audience, (3) on a subject material to the decision to purchase the goods, (4) touting goods entering interstate commerce, (5) and that results in actual or probable injury to the plaintiff." <u>B. Sanfield, Inc. v. Finlay Fine Jewelry Corp.</u>, 168 F.3d 967, 971 (7th Cir. 1999).

ICU contends that Landmark only provided a "threadbare recital of the elements" in its complaint, and didn't allege any facts from which the court could infer that ICU made any false representations to consumers regarding the origin of the products and services referenced in its promotional materials or provided to customers, or that consumers would likely be confused by the statements it made. The court disagrees.

Landmark devoted more than 88 paragraphs to the facts in this case, and attached 62 exhibits to support those facts. It alleges that:

---

² Landmark's false designation/misleading representation claim is generally referred to as a "reverse passing off" claim – which occurs when a person "misrepresents someone else's goods or services as his own." <u>Dastar Corp. v. Twentieth Century Fox Film Corp.</u>, 539 U.S. 23, 27, n.1 (2003). The central harm in reverse passing off is that "the originator of the misidentified product is involuntarily deprived of the advertising value of its name and goodwill that otherwise would stem from public knowledge of the true source of the satisfactory product." <u>Hoopla Sports & Entm't, Inc.</u>, 947 F. Supp. at 352 (citing <u>Rosenfeld v. W.B. Saunders</u>, 728 F. Supp. 236, 241 (S.D.N.Y. 1990)).

- Landmark has been designing, fabricating, installing, and repairing illuminated and non-illuminated signs throughout the United States for over thirty years. (Cmplt. ¶ 7).

- It has marketed, advertised, and sold its products and services in connection with the trademark "Landmark" since October 1983, and in connection with the trademarks "Landmark Sign," "Landmark Sign Group," and a stylized "Landmark Sign Group" since March 1, 1999 (collectively the "Landmark Trademarks"). (Cmplt. ¶ 9; Exhibit A).

- Landmark has expended, and continues to expend, significant time, energy, and money designing, fabricating, installing, and maintaining signs identified by the Landmark Trademarks, advertising the Landmark Trademarks, and protecting the Landmark Trademarks. (Cmplt. ¶ 14).

- By virtue of Landmark's continued use, advertising, and promotion, the Landmark Trademarks are distinctive, well-recognized, and enjoy a widespread and favorable reputation for quality, consistency, and reliability. (Cmplt. ¶ 15).

- Landmark employed Lawrence Yurko as a salesman from 1990 to October 8, 2015. (Cmplt. ¶ 16).

- On February 12, 2015, Mr. Yurko organized ICU as a limited liability company with the Indiana Secretary of State; ICU operates under the brands "ICU", "ICU Outdoor Advertising" and a logo (collectively "ICU Branding"). (Cmplt. ¶¶ 18 and 21; Exhibit G).

- Mr. Yurko and Jerry Lefere, Landmark's art director, were Landmark employees when Mr. Yurko began soliciting Landmark customers on behalf of

ICU and instructed Mr. Lefere to design custom sign[s] for ICU to present to those customers. Mr. Yurko sent the designs and communications related thereto to Landmark customers using his Landmark email account and email address ([larry@landmarksign.com](larry@landmarksign.com)), but ICU received the revenue from those signs. (Cmplt. ¶¶ 24-38; Exhibits J-Q).

- ICU made materially false or misleading statements on its website and Twitter account identifying several Landmark customers as ICU clients; posted photographs of Landmark's employees, facilities and custom signs, without Landmark's consent, and with the intent to deceive the public into believing that those employees, facilities, and signs were ICU's; and/or posted false or misleading statements about who created and installed the signs on its Twitter account. (*See* ¶¶ 39-88; Exhibits R-JJJ].

- ICU "intentionally us[ed] the Landmark Trademarks, false designations of origin, false or misleading descriptions of fact, and false or misleading representations of fact" to confuse consumers generally, and Strach & VanTil specifically, "as to the source of the signs and related services" and "induce the public to believe…that Landmark signs originated with ICU and that the related services (design, manufacture, and installation) were performed by ICU. (Cmplt. ¶¶ 44-45 and 89-94).

- Landmark has been and continues to be injured by direct diversion of sales to ICU and by a lessening of goodwill associated with Landmark's custom sign services. (Cmplt. ¶¶ 96-103).

Those allegations when read in combination are more than sufficient to state a plausible claim under both 15 U.S.C. §§ 1123(a)(1)(A) and (B).

ICU contends that the remaining claims (Counts 3-8) should be dismissed for lack of subject matter jurisdiction, but that argument rests on the assumption that the Lanham Act claims must be dismissed. Since the court disagrees with ICU's argument for dismissal of the Lanham Act claims, the court has supplemental jurisdiction over the state law claims.

III. Conclusion

For the foregoing reasons, ICU's motion to dismiss [Doc. No. 21] is DENIED.

SO ORDERED.

ENTERED: March 30, 2017

/s/ Robert L. Miller, Jr.
Judge
United States District Court

8